**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**THERESA MITCHELL,**                                                                                        **PLAINTIFF**
on behalf of H.L.B., a minor

V.                              CASE NO. 5:15-CV-196-BSM-BD

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                                       **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.  Introduction**:

Plaintiff, Theresa Mitchell, applied for Supplemental Security Income on behalf of her minor child, HLB, alleging a disability onset date of August 29, 2011.  (Tr. at 64) After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application.  (Tr. at 77)  The Appeals Council denied her request for review.  (Tr. at 1)

The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Mitchell has requested judicial review.

For the reasons states below, this Court should affirm the decision of the Commissioner.

### III. The Commissioner's Decision:

For minor child disability cases, an ALJ must follow a three-step sequential evaluation. Under this framework, the ALJ is required first to determine whether the child is engaging in substantial gainful activity. 20 C.F.R. § 416.924. Next, the ALJ must decide if an impairment, or combination of impairments, is severe. *Id*. Finally, the ALJ must determine whether the child has an impairment that meets, medically equals, or functionally equals a listed impairment. *Id.* A minor has met a listing if her impairment or combination of impairments results in a "marked" limitation in two domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926. The six domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id*.

The ALJ in this case decided that HLB was not engaging in substantial gainful activity. (Tr. at 67) He next determined that she had the following severe impairments: attention-deficit hyperactivity disorder (ADHD), disruptive behavior disorder, anxiety disorder, and ventricular sepal defect. *Id*. He concluded that HLB was not disabled

because her impairments did not meet or equal a listing, *i.e.*, she did not have two marked limitations or one extreme limitation in the six functional domains. (Tr. at 77)

IV.    **Discussion:**

    A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B. Ms. Mitchell's Arguments on Appeal

Ms. Mitchell argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ erred in: 1) addressing the domains of functioning; 2) assessing the opinions of the two state medical examiners; 3) rejecting HLB's GAF (global assessment of functioning) scores; and 4) rejecting the testimony of Ms. Mitchell. After reviewing the record as a whole, the Court concludes that the ALJ

did not err in denying benefits.

Ms. Mitchell argues that HLB had at least marked limitations in the following four domains of functioning: 1) interacting and relating with others; 2) attending and completing tasks; 3) ability to acquire and use information; and 4) moving about and manipulating objects.  The Court disagrees.

The record is thin on medical opinions discussing HLB's impairments.  The only mention of HLB's mental impairments is from a primary care physician's (PCP) note reading: "ADHD?" (Tr. at 299).  At four other visits with that PCP, no mental impairment was mentioned.

HLB's psychiatrist, Dr. Chetna Vora, M.D., diagnosed only ADHD, and not disruptive behavior disorder or anxiety disorder, which were both found to be severe impairments by the ALJ.  (Tr. at 309-317)  Dr. Vora assigned HLB a GAF score of 55.  *Id*.  Dr. Vora noted on two occasions that HLB was not medication compliant.  (Tr. at 310-311)  When HLB did take the prescribed medications, she reported no side effects.  (Tr. at 309-317)  At most of the seven appointments with Dr. Vora, HLB's appearance, speech, and sleep were normal.  *Id.*  Her thoughts were oriented and her interactions were appropriate.  *Id*.  On occasion her mood was depressed and her affect was labile.  *Id*.  The evidence from Dr. Vora showed that HLB was doing well in school and making As and Bs in her classes.  (Tr. at 312)  HLB did report behavior problems to Dr. Vora, but his observations and conclusions do not indicate that she had marked limitations.  Under the

treating-physician rule, an ALJ must give a treating physician's opinion "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002). *See* 20 C.F.R. §§ 404.1527(c)(2).

There is a one-page record from another psychiatrist, Dr. Jeremy Brown, M.D. (Tr. at 370)  He noted that when HLB did not take her medication, she could not focus at all. *Id*.  Dr. Brown added that "she has benefitted a great deal from therapy and medications." *Id.*

Two state doctors reviewed the records in August 2012 and October 2012, and each found either "less than marked" or no limitations in the six functional domains.  (Tr. at 346-348 and 362-364)  The doctors reported that HLB was in regular classes with no special education services.  Further, she was not entirely compliant with medications, but when she did take medication, she saw improvement. *Id*.

Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).  The ALJ noted that, because the state doctors were non-examining, their conclusions did not deserve as much weight as treating physician opinions.  He *did* assign their evidence some weight, however, which was appropriate in this situation.  The state medical evidence comported with the evidence from Dr. Vora.

Ms. Mitchell relies heavily on the opinions of HLB's teachers to support her claim for benefits.  There are four teacher questionnaires in the record.  Two questionnaires from teachers who saw HLB five days a week, dated October 13, 2011 and August 27, 2012, indicate no more than slight limitations in the six domains of functioning.  (Tr. at 172, 229)  Two more questionnaires, dated May 21, 2012 and November 27, 2012, suggest serious limitations.  (Tr. at 181, 260)  The May 2012 questionnaire shows that HLB did receive extra accommodation in school, but also that she did better when she took her medications.  (Tr. at 184, 187)

The questionnaires are split on HLB's limitations, and it is proper for the ALJ to weigh and resolve inconsistencies in the record.  While Ms. Mitchell ascribes great weight to the opinions of HLB's teachers, they are not acceptable medical sources for determining the existence of an impairment.  20 C.F.R. § 416.913.  The ALJ considered the teachers' reports in adequate measure and in conjunction with the medical evidence in the record as a whole.

There is a consistent theme in this case, which is troubling.  Over the course of her treatment and schooling, HLB has not consistently taken the medications prescribed. When she does take her medications, her condition improves.   Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).  There is also evidence that HLB was not getting the proper support at home that would have helped to alleviate her

problems. Ms. Mitchell was encouraged to "improve attention to homework, see that her child gets adequate sleep, better prepare HLB for school, and model positive reinforcement at home." (Tr. at 171) While HLB certainly suffers from behavioral problems, the evidence suggests that routes to improvement were not adequately pursued.

Ms. Mitchell alleges that her testimony should have been given more weight. She reported that HLB enjoyed school, liked to read, liked to play with other children, and liked to play video games. (Tr. at 68) She said HLB did not have problems with motor skills. (Tr. at 68)

Ms. Mitchell also stated that HLB did not like to take her medications. This testimony does not diverge from the reports of HLB's doctors and teachers.

Ms. Mitchell's final argument is that the ALJ erred in dismissing HLB's GAF scores. GAF scores do not directly correlate to the severity requirements of mental disorders listings. *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010). They should be considered, of course, along with other evidence in determining a claimant's RFC. *Pate-Fires v. Astrue*, 564 F.3d 935, 944-45 (8th Cir. 2009). Given both the medical and non-medical evidence, which weighs in favor of denying benefits, the GAF scores alone do not command a different conclusion. As well, HLB's GAF scores indicate, at most, moderate difficulty in the six domains of functioning.

HLB does suffer from severe behavioral impairments, but the ALJ acknowledged those impairments and assessed how they affected HLB's overall functioning in reaching

7

his decision.  He properly weighed the evidence in the record as whole and there is no legal error in his conclusion.

## V. **Conclusion:**

There is substantial evidence to support the Commissioner's decision that HLB was not disabled.  The ALJ correctly assessed the six domains of functioning and gave the proper weight to the medical and non-medical evidence.  The finding that HLB was not disabled within the meaning of the Social Security Act, therefore, should be affirmed.  The case should be dismissed, with prejudice.

DATED this 14th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE