**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**THERESA MITCHELL**                                                                    **PLAINTIFF**
**o/b/o H.L.B., a minor**

v.                              **CASE NO. 5:15-CV-00196 BSM**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                **DEFENDANT**

## ORDER

The recommended disposition ("RD") submitted by United States Magistrate Judge Beth Deere [Doc. No. 17] and plaintiff Theresa Mitchell's objections [Doc. No. 18] have been reviewed. After reviewing the record, the RD is adopted with modification.

Mitchell is correct that before a claimant is denied benefits because of the failure to follow a prescribed course of treatment, "an inquiry must be conducted into the circumstances surrounding the failure and a determination must be made on the basis of the evidence in the record." *Burnside v. Apfel*, 223 F.3d 840, 843-44 (8th Cir. 2000). Here, the administrative law judge ("ALJ") noted several instances of H.L.B. failing to follow treatment protocols, but the ALJ never examined the reasons for those failures and never made a determination in that respect. To the extent the RD is interpreted to recommend affirming the commissioner for that reason alone, that reasoning is in error.

The ALJ's decision rests on a careful review of the entire record, and substantial evidence supports the ALJ's conclusions that despite H.L.B.'s severe impairments, she did not have an extreme limitation in any domain or a marked limitation in two domains to

warrant benefits. *See* Tr. 67-77; *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate support a conclusion."); *e.g.,* Tr. 89 (noting H.L.B. was in regular classes, doing well academically, and was advancing to the next grade, which supports a less than marked finding in acquiring and using information). The ALJ properly considered opinions from designated physicians and he compared those opinions with evidence in the record. *See, e.g., Hacker v. Barnhart*, 459 F.3d 934, 939 (8th Cir. 2006) ("It is well settled than an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and sevrity of a claimant's impairment." (quoting *Harris v. Barnhart*, 356 F.3d 926, 931 (8th Cir. 2004))*; Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004) (holding ALJ did not err in discounting a nonexamining consultant's opinion because it contradicted evidence in the record). Finally, discounting the Global Assessment of Functioning ("GAF") scores was not in error, especially considering the ALJ's rationale for doing so. *See* Tr. 71-72 (noting range of GAF scores and discounting after considering the record); *Halverson v. Astrue*, 600 F.3d 922, 930-31 (8th Cir. 2010) (ALJ may properly discount GAF scores after reviewing the record).

As Mitchell's brief [Doc. No. 14], reply [Doc. No. 16], and objections [Doc. No. 18] make clear, the record could support any number of conclusions. Even if the record supports Mitchell's conclusion that benefits would be appropriate, reversal is not proper simply because a reviewing court would have reached a different conclusion. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993) (denial of benefits cannot be reversed "merely because

substantial evidence would have supported an opposite decision"). This is true because the substantial evidence standard of review requires the reviewing court to defer to the decision of the ALJ when there is substantial evidence in the record supporting it. The ALJ's decision reflects a careful analysis of the record that applied the correct legal standards, and substantial evidence supports the conclusion. For that reason, the decision is affirmed.

    IT IS SO ORDERED this 7th day of March 2017.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE